UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| BRENDA H. ALDRIDGE, ET AL. | CIVIL ACTION NO. 12-2031 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| PETCO ANIMAL SUPPLIES STORES, INC., D/B/A/ PETCO | MAGISTRATE JUDGE KAREN HAYES |

_____

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by the Defendant, Petco Animal Supplies Stores, Inc. ("Petco"), seeking dismissal of all claims asserted by the Plaintiffs, Brenda H. Aldridge ("Aldridge") and John Aldridge ("John")(collectively "the Plaintiffs"). [Record Document 22]. The Plaintiffs have filed an opposition to Petco's motion. [Record Document 54]. For the reasons stated herein, the defendant's motion is **DENIED**.[1]

## I. BACKGROUND

This case arises from an incident that occurred at Petco's store located on Youree Drive in Shreveport, Louisiana, on June 21, 2011. The Plaintiffs went to the store that morning to drop off their daughter's dog ("Bella") for a grooming appointment at the

---

[1] Also pending before the Court is a motion to strike by Petco, objecting to the Plaintiffs' responses to Petco's Statement of Uncontested Material Facts in its motion for summary judgment. [Record Document 60]. Petco claims that many of its facts should be deemed admitted because the Plaintiffs' responses and objections are insufficient or irrelevant. The Court will address relevant factual disputes in section I of this ruling and, where necessary, rule whether a fact is admitted or denied. Therefore, Petco's motion to strike is **DENIED AS MOOT.**

store's grooming salon.  Aldridge alleges that, as she was leaving, she turned around to go back to the counter and slipped on a wet area on the floor and fell, injuring herself. See Record Document 1-2.  Aldridge's injuries from the fall resulted in, among other things, a total hip replacement.  See id.  That is the simple overview of the case.  The Court will now attempt to set out the material facts in detail, settling disputes between the parties where necessary.

It was raining in Shreveport on the morning of June 21, 2011.  See Record Documents 54-7 at 4, 54-9 at 2, 54-12 at 4, 54-13 at 7, and 54-15 at 3.  The Plaintiffs arrived at the store at approximately 9:00 a.m. to drop off Bella for her grooming appointment.[2]  See Record Document 22-1 at ¶ 8.  John pulled his truck up to the sidewalk outside of the grooming salon and Aldridge walked across the sidewalk and into the salon. See id. at ¶ 11.  Aldridge did not observe any puddles of water on the sidewalk leading to the salon entrance.  See id. at ¶ 12.[3]  Once inside the salon, Aldridge did not observe any water on the floor of the salon.  See id. at ¶ 13.[4]  Additionally, Aldridge did not slip when

---

[2] According to Petco's salon schedule for June 21, 2011, at least fifteen dogs had scheduled appointments at the grooming salon that morning before Aldridge's reported fall.  See Record Document 54-16.

[3] The Plaintiffs do not object to this fact, and it is therefore deemed admitted. See Record Document 64 at ¶ 6.

[4] The Plaintiffs object that this fact is "incomplete."  See Record Document 64 at ¶ 7.  While the Plaintiffs are entitled to provide more facts and context, which they do, a fact being incomplete does not make it incorrect.  See Carpenter v. Wal-Mart Stores, Inc., 614 F. Supp. 2d 745, 754-55 (W.D. La. 2008).  Therefore, this fact is deemed admitted.

2

she walked from the salon door to the grooming counter to check Bella in for her appointment. See id. at ¶ 15.

After checking Bella in, Aldridge walked from the counter to the salon door. See id. at ¶ 16. Petco alleges that when Aldridge reached the door, she "turned around and her left foot slipped out from under her." Id. at ¶ 17.[5] The Plaintiffs contend that Aldridge "turned, stepped, and her foot slipped out from under her." Record Document 64 at ¶ 11. Moreover, the Plaintiffs claim that Aldridge turned around in response to a Petco employee calling out to her to retrieve Bella's leash. See id.; Record Document 54-13 at 8-9. After she fell, the right side of Aldridge's pants were wet. See Record Document 54-7 at 23-24. John saw his wife fall and ran in to help her. He stated that he felt the floor near where Aldridge had fallen, and it was wet. See Record Document 54-9 at 5. None of the Petco employees on duty that day recalled seeing any water on the floor where Aldridge fell. See Record Document 22-1 at ¶ 22.[6]

The Plaintiffs further allege the following relevant facts in support of their opposition to Petco's motion. The main entrance to the store has an awning to protect customers from rain. However, there is not a similar[7] awning over the door of the grooming salon,

---

[5] The Plaintiffs oppose this fact and cite to record evidence to the contrary. See Record Document 64 at ¶ 11. Therefore, the Court declines to deem this fact admitted.

[6] The Plaintiffs object to this fact but do not cite to any record evidence directly contradicting it. See Record Document 64 at ¶ 16. Therefore, it is deemed admitted.

[7] The Court notes that there is an awning over the grooming salon entrance, but this awning is very small and does not appear to provide as much protection from the rain as the awnings over the store's main entrance and side windows. See Record Document 54-3 at photographs 111-115.

despite it also opening directly to the sidewalk. See Record Document 64 at ¶¶ 8-9 and 16. The floor of the grooming salon is not slip resistant or abrasive. See id. at ¶¶ 10-11 and 15. Additionally, although it was raining on June 21, 2011, there was no protective mat or towel on the floor of the grooming salon, and no wet floor sign or orange cone inside the grooming salon. See id. at ¶¶ 17-22. Petco's employees were aware that both people and dogs walking into the grooming salon on a rainy day brought in moisture. See id. at ¶¶ 23-25.

The Plaintiffs filed the instant lawsuit on June 20, 2012, in the First Judicial District Court in Caddo Parish, Louisiana. See Record Document 1-2. Petco filed a notice of removal, and the case was removed to this Court on July 31, 2012. See Record Documents 1 and 3. Petco filed the instant motion for summary judgment on April 17, 2013. See Record Document 22. Following a number of delays and continuances, the Plaintiffs filed their opposition on January 31, 2014, and Petco filed its reply on February 4, 2014. See Record Documents 54 and 58.

## II. LAW AND ANALYSIS

**A.     Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment.  Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).

**B.    Negligence Analysis.**

Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident.  See Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188 (La. 1999).  Under subsection A of that statute, a merchant owes a duty "to persons who use his premises to exercise reasonable care to keep his ... floors in a reasonably safe condition.  This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise

to damage." La. R.S. § 9:2800.6(A). The plaintiff's burden of proof in a case governed by this statute is set out in subsection B, which provides as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B).

### 1. A Genuine Dispute Of Material Fact Exists As To Whether The Condition Presented An Unreasonable Risk Of Harm And Was Reasonably Foreseeable.

The Court finds there is a genuine dispute of material fact as to whether the condition presented an unreasonable risk of harm to the Plaintiff and the risk of harm was reasonably foreseeable. A jury could reasonably conclude that the condition—water on the floor near the entrance of the grooming salon—presented an unreasonable risk of harm. The general manager of Petco, Mary Tolbert, even testified that water on the floor is a "hazardous condition" that "can cause slips . . . [and] falls." Record Document 54-10 at 3.

### 2. A Material Question Of Fact Exists As To Whether Petco Had Constructive Notice Of The Condition.

With respect to the second element of the statute, the Louisiana Supreme Court has held that subsection (B)(2) "clearly and unambiguously requires proof by plaintiff that the merchant either created the condition causing the damage or, prior to the occurrence, had actual or constructive notice of the condition." Kennedy, 733 So. 2d at 1190. The Plaintiffs have not alleged that Petco either created or had actual notice of the condition. Therefore, to state a cause of action under the statute, the Plaintiffs must show that Petco had constructive notice of the condition. The definitions section of La. R.S. 9:2800.6 regarding constructive notice provides as follows:

> (C)(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(C)(1).

The Louisiana Supreme Court has held that the phrase "such a period of time," as used in paragraph (C)(1), constitutes a temporal element that must be shown by a plaintiff in a slip and fall case. In order to infer constructive notice, there must be some showing of this temporal element. See Kennedy, 733 So.2d at 1190 (citing White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997)). A plaintiff must make a positive showing of the existence of the condition prior to the fall. See id. The merchant who is sued, on the

7

other hand, is not required to make a positive showing of the absence of the existence of the condition prior to the fall.  See id.

Although there is no bright line time period relative to the duration of the condition, there is imposed upon the plaintiff "a prerequisite showing of some time period." Id. at 1190-91.  The time period need not be specific in minutes or hours.  However, if a plaintiff merely shows that the condition existed, without any additional showing that it existed for some period of time, she has not satisfied her burden of proving constructive notice.  See id.  The plaintiff can use circumstantial evidence to satisfy this burden.  See Blake v. Wal-Mart La., LLC, No. 10-697, 2011 WL 6294023 at *3 (M.D. La. Dec. 15, 2011); Blackman v. Brookshire Grocery Co. (La. App. 3 Cir. 10/3/07); 966 So. 2d 1185, 1189; Henry v. Wal-Mart Stores, Inc. (La. App. 3 Cir. 3/1/00); 758 So. 2d 327, 329.

In Kennedy, the Louisiana Supreme Court reversed the judgments of both the trial court and the Third Circuit Court of Appeal that had been in favor of the plaintiff.  There, the plaintiff slipped on a puddle of water when he was three or four feet from the checkout lanes in a Wal-Mart store.  He argued, and the lower courts agreed, that Wal-Mart had constructive notice of the condition because it was raining and the water was on the floor just a few feet from the customer service podium.  The Louisiana Supreme Court disagreed, noting that "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident."  Kennedy, 733 So.2d at 1191.  The plaintiff, therefore, did not carry his burden of proving Wal-Mart's constructive knowledge of the condition.  See id.

Following the Louisiana Supreme Court's decision in Kennedy, courts have held plaintiffs to a high standard in showing that merchants had constructive notice of a condition. For example, in Leger v. Wal-Mart Louisiana LLC, 343 F. App'x 953 (5th Cir. 2009), the Fifth Circuit affirmed the trial court's grant of summary judgment to the defendant against a plaintiff who slipped and fell on water in a bathroom stall because the plaintiff did not present any evidence regarding how long the water was present and the stall was inspected less than two hours before she fell. The Fifth Circuit similarly affirmed a summary judgment for a defendant in Pollet v. Sears Roebuck & Co., 46 F. App'x 226 (5th Cir. 2002), where the plaintiff fell when entering the store, in an area with heavy foot traffic, on a rainy day. See also Georges v. Kroger Tex., L.P., No. 06-1676, 2007 WL 2407251 (W.D. La. Aug. 17, 2007)(granting summary judgment to defendant against plaintiff who slipped and fell in grocery store bathroom where the plaintiff saw a cleaning cart in the restroom but did not see any wet floor warning signs or any water on the floor); Walthall v. E-Z Serve Conv. Stores, Inc., 988 F. Supp. 996 (E.D. La. 1997)(granting summary judgment to defendant against plaintiff who slipped and fell in store where the plaintiff did not recall seeing water on the floor before she fell).

However, Kennedy noted that showing the temporal element required to infer constructive notice is "not an impossible burden." Kennedy, 733 So. 2d at 1191. Several courts have denied motions for summary judgment on the grounds that a genuine dispute of material fact exists as to constructive notice, specifically the temporal element. See Sheffie v. Wal-Mart La. LLC, -- So. 3d --, 2014 WL 766422 (La. 5th Cir. Feb. 26, 2014);

Vanderberg v. Murphy Oil U.S.A., Inc., No. 12-0855, 2013 WL 6796424 (W.D. La. Dec. 19, 2013); Robertson v. Wal-Mart La., LLC, No. 12-429, 2013 WL 3233374 (M.D. La. June 25, 2013); Lafleur v. Ace Am. Ins. Co., No. 2:12-0714, 2013 WL 1683617 (W.D. La. Apr. 17, 2013).

    Recognizing the high burden of proof that the Plaintiffs must meet, the Court finds there is a genuine dispute of material fact as to whether Petco had constructive notice of the condition. When Aldridge arrived at Petco on June 21 around 9:00 a.m., it had been raining for approximately two hours. Over a dozen appointments were scheduled that morning before Aldridge's fall occurred. The grooming salon opened at 7:00 a.m. but the main store had not yet opened, so all customers were required to enter the grooming salon directly from the sidewalk. Thus, at least twelve other dogs and their owners had walked through the grooming salon entrance and inside before Aldridge arrived. Petco was aware that these owners and dogs brought with them moisture from the rain. See Record Documents 54-10 at 16-17, 54-12 at 8-10, and 54-14 at 12. Thus, the nature of the Defendant's business - pet grooming - implies that wet animals with fur had traversed the same area as Aldridge for at least two hours before she arrived. Aldridge testified that, after she fell, the right side of her pants were soaking wet. See Record Document 54-7 at 23-24. Her husband also felt water on the floor when he went in after seeing her fall. See Record Document 54-9 at 5. This evidence is sufficient to indicate that water was on the floor of the grooming salon for some period of time before Aldridge fell, and that time may have been long enough that it would have been discovered if Petco had exercised

reasonable care. Therefore, the Court finds the Plaintiffs have carried their burden to create a genuine dispute as to whether Petco had constructive notice of the condition.

### 3. A Genuine Dispute Of Material Fact Exists As To Whether Petco Failed To Exercise Reasonable Care.

Finally, as to the third statutory element, the Court finds there is a genuine dispute of material fact as to whether Petco failed to exercise reasonable care. The grooming salon entrance had a very small awning over the door that provides far less protection than the awning over other parts of the store. Moreover, Petco did not place any protective mats inside the grooming salon in spite of its policy to use as many mats as possible during severe weather. See Record Document 54-5. Petco's general manager testified that mats are generally used whenever it is moist or wet outside. See Record Document 54-10 at 12-13. Additionally, there was no sign or marker of any kind to warn customers that the floor may be wet, despite the fact that it was a rainy day and moisture was tracked into the grooming salon by customers and their pets. This evidence creates a genuine dispute as to whether Petco exercised reasonable care.

### III. CONCLUSION

For the foregoing reasons, Petco's motion for summary judgment is **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 28th day of March, 2014

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

11